**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Gomez, et al., | No. CV-12-01506-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Gary Faulkner, et al., | |
| Defendants. | |

The court has before it defendants' motion to dismiss defendants Nancy Jo Zinder-Faulkner, Tiffany D. Scrivner, and Harmony R. Schroeder (doc. 45), plaintiffs' response (doc. 46) and defendants' reply (doc. 47).

Plaintiffs are former employees of the Florence Community Hospital in Florence, Arizona. The hospital shut down its operations in June 2012. Plaintiffs allege that they were never given final paychecks for the last three weeks of wages. Plaintiffs filed this action against four officers of the hospital under the Fair Labor Standards Act ("FLSA"). Plaintiffs also named the officers' wives as defendants, based on their participation in their respective marital communities. Defendants now move to dismiss the claims against the officers' wives on the ground that they are not "employers" under the FLSA and because no rule supports a spouse's joinder. Plaintiffs concede that they do not seek to impose liability on the spouses under the FLSA. Instead, they assert that the spouses are named solely because of their

participation in their respective marital communities in order to ensure satisfaction of a judgment.

On April 23, 2013, we received notice of filing of bankruptcy by Gary Faulkner and Nancy Jo Zinda Faulkner (doc. 54). The automatic stay of 11 U.S.C. § 362(a) prohibits "the continuation or commencement" of proceedings against a debtor. A dismissal of a defendant in bankruptcy violates the automatic stay where the decision to dismiss "requires the court to consider any other issues presented by or related to the underlying case." Dean v. Trans World Airlines, Inc., 72 F.3d 754, 756 (9th Cir. 1995). Because we are required to decide whether a spouse is a properly named FLSA defendant in a community property state, a ruling on the motion to dismiss Mrs. Zinda Faulkner would violate the automatic stay. Therefore, the motion to dismiss is denied with respect to Zinda Faulkner.

Harmony R. Schroeder is a resident of Idaho, a community property state, with a statute that provides that either spouse may "contract debts" for the benefit of the community. Idaho Code § 32-912. Idaho's community property law does not require joinder of spouses to collect on a community obligation. Idaho Code §§ 32-901-916. Instead, Idaho law provides, "when either member of the community incurs a debt for the benefit of the community, the property held by the martial community becomes liable for such a debt and the creditor may seek satisfaction of his unpaid debt from such property." Twin Falls Bank & Trust Co. v. Holley, 723 P.2d 893, 896-97 (Idaho 1986). Therefore, joining an innocent spouse is not required to collect on community assets in Idaho, and instead may have the unintended effect of implicating the innocent party's separate property. It is ordered granting defendants' motion to dismiss Mrs. Schroeder.

Defendant Tiffany D. Scrivner is a resident of Arkansas, which is not a community property state.[1] No allegation in the Complaint suggests that Mrs. Scrivner is personally

---

[1] Arkansas is a common law property jurisdiction. Goode v. Goode, 692 S.W.2d 757, 758 (Ark. 1985). Ark. Code Ann. § 9-11-508 provides that "no bargain or contract entered into by any married person, in or about the carrying on of any trade or business, under any statute of the state, shall be binding upon his or her spouse or render his or her person or

1  liable under the FLSA. No law or rule supports the joinder of Mrs. Scrivner in this action.
2  It is ordered granting defendants' motion to dismiss Mrs. Scrivner.
3        **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** defendants'
4  motion to dismiss (doc. 45).  **IT IS ORDERED GRANTING** the motion to dismiss
5  Harmony R. Schroeder and Tiffany D. Scrivner.  **IT IS ORDERED DENYING** the motion
6  to dismiss Nancy Jo Zinda Faulkner.
7        DATED this 11th day of June, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge

---

28  property in any way liable therefor."